UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERATED CAPITAL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEVADA C. K. INC., ) <br> BOBBER NEVADA, INC., ) <br> MILTENBERGER OIL CO., ) <br> STEVEN MILTENBERGER, ) <br> CONSTANCE MILTENBERGER, ) <br> WILLOW COMPASS INC., ) <br> RICHARD MEYERS, ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> NEVADA C. K. INC., ) <br> BOBBER NEVADA, INC., ) <br> MILTENBERGER OIL CO., ) <br> STEVEN MILTENBERGER, ) <br> CONSTANCE MILTENBERGER, ) <br> ) <br> Third-Party Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TERRI L. MEYERS ) <br> ) <br> Third-Party Defendant. ) <br> _____) <br> ) <br> NEVADA C. K. INC., ) <br> BOBBER NEVADA, INC., ) <br> MILTENBERGER OIL CO., ) <br> STEVEN MILTENBERGER, ) <br> CONSTANCE MILTENBERGER, ) <br> ) <br> Cross-Claimants, ) <br> ) | Case No. 4:09CV01806 AGF |

| | |
|---|---|
| RICHARD MEYERS | ) |
| | ) |
| Cross-Claim Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the joint motion of Defendant Willow Compass, Inc. ("Willow"), Defendant and Cross-Claim Defendant Richard L. Meyers, and Third-Party Defendant Terri L. Meyers to transfer venue of the case pursuant to 28 U.S.C. § 1404, to the United States District Court for the Western District of Missouri. For the reasons set forth below, this motion shall be denied.

## BACKGROUND

Plaintiff, a Michigan corporation, asserts four counts of breach of contract against seven Defendants: Nevada C. K. Inc. ("Nevada"); Bobber Nevada, Inc.; Miltenberger Oil Co.; Willow; Steven Miltenberger; Constance Miltenberger; and Richard Meyers. All Defendants are residents of Missouri. Plaintiff, as lessor, alleges that Nevada and Willow, Nevada's assignee, as lessees, breached a Master Lease Agreement ("MLA") for the lease of restaurant equipment. In Count I, Plaintiff alleges that Nevada was delinquent in making its monthly payments called for in the MLA, from September 2008 to October 2009. In Counts II, III, and IV, Plaintiff alleges that the remaining Defendants are jointly and severally liable for breach of guaranties on the MLA, executed in favor of Plaintiff.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

The MLA provides that it would be governed by the laws of Connecticut, and that the lessee consents "to the jurisdiction of any federal and state court in the state of Connecticut with respect to any legal action commenced hereunder," and that "[n]othing contained [in the MLA] is intended to preclude [Federated] from commencing any action hereunder in any court having jurisdiction thereof."

Plaintiff, whose attorney is located in St. Louis, Missouri, filed this action in this Court pursuant to 28 U.S.C. § 1332, asserting diversity jurisdiction. Nevada, Steven E. Miltenberger, Constance Miltenberger, and Miltenberger Oil Co. filed a cross-claim against Richard Meyers and a third-party claim against Terri Meyers claiming that the Meyers breached a guarantee of the MLA and should be held liable, jointly and severally, for any amounts that they (Nevada, et al.) are held liable.

Willow and the Meyers seek to have the action transferred to the United States District Court for the Western District of Missouri, asserting that that is the most convenient venue. They state that they reside there, that Nevada, Bobber Nevada, Inc., and Miltenberger Oil Co. are all located in and operate their businesses in Jefferson City, Missouri, which is also in the Western District, and that the leased equipment is located in the Western District, as are corporate officers "for any of the defendant corporations that may be required to testify."

In response, Plaintiff argues that venue is proper in the Eastern District in light of the above-quoted forum selection clause. Plaintiff asserts that venue is proper in the Eastern District under 28 U.S.C. § 1391(a), which places venue in a diversity of citizenship action in any judicial district in which any defendant resides if all reside in the

3

same state, because Steven Miltenberger and Constance Miltenberger reside in the Eastern District. Plaintiff also argues that transferring venue is not warranted under the factors set forth in 28 U.S.C. § 1404(a), in that Nevada, Bobber Nevada, Inc., Miltenberger Oil Co., Steven Miltenberger, and Constance Miltenberger are geographically closer to the Eastern District than the Western District.

Steven Miltenberger, Constance Miltenberger, Nevada, Bobber Nevada, Inc., and Miltenberger Oil Co. have filed a joint memorandum in response to the motion to transfer venue, stating that they would like the case to proceed in this Court.

**DISCUSSION**

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer venue, courts engage in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Factors which courts consider under the "convenience" prong include (1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law. The primary of these interests is the convenience of the witnesses. Id. at 696.

Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.  Id.; Biometics, LLC v. New Womyn, Inc., 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000).

Federal courts generally give "considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, 119 F.3d at 695.  The plaintiff's choice of forum is accorded less weight, however, where it is not the plaintiff's residence and the defendant has had little contact with the chosen forum.  Biometics, LLC, 112 F. Supp. 2d at 875-76; Davidson & Assocs., Inc. v. Internet Gateway, Inc., No. 4:02-CV-498-CAS, 2003 WL 23709467, at *3 (E.D. Mo. Aug. 1, 2003).  The plaintiff's choice of forum is also accorded less weight where the operative events giving rise to the lawsuit took place in another forum.  GMAC/Residential Funding Corp. v. The Platinum Co. of Real Estate & Fin. Servs., Inc., No. Civ.02-1224 RHK/AJB, 2003 WL 1572007, at *2 (D. Minn. March 13, 2003).  "The convenience of the plaintiff's counsel is not entitled to any weight in the analysis."  Biometics, LLC, 112 F. Supp. 2d at 876.

Under § 1391(a) and the terms of the MLA, venue is proper in this Court.  The Court concludes that Willow's and the Meyers' argument that the Western District of Missouri is a more convenient venue because they reside there, and because Nevada, Bobber Nevada, Inc., and Miltenberger Oil Co. are located in and operate their businesses

5

in the Western District, is insufficient to warrant transfer. In fact, these three Defendants oppose transfer, as all three joined in the memorandum stating that they would like the case to proceed in this District. The Court concludes that the balancing of factors under § 1404(a) does not tip strongly in favor of transfer, and that Willow and the Meyers have not met their burden of showing that a transfer is warranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion to transfer venue is **DENIED**. [Doc. #13]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of April, 2010.